IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL A. BARBER,

               Plaintiff,

v.

RAYMOND L. STEELE and
BLACKHAWK TRANSPORTATION, INC.,

               Defendants.

OPINION and ORDER

20-cv-763-slc

      This personal injury lawsuit is proceeding to trial on March 21, 2022, with the telephonic final pretrial conference set for March 9, 2022. In this order, I address these motions: (1) defendants' objections to Barber's late-filed Rule 26(a)(3) disclosures and request for sanctions, dkt. 31; and (2) Barber's requests that three witnesses be allowed to testify by video at trial, dkts. 24, 28-29.

      Pursuant to the pretrial conference order entered on January 13, 2021, the parties' Rule 26(a)(3) disclosures (including all witnesses and exhibits), motions in limine, and proposed voir dire questions, jury instructions, and verdict forms were due on February 11, 2022. Dkt. 9 at 5. Defendants timely filed their final pretrial submissions, but Barber did not file his until February 16, after a telephonic hearing at which the court alerted plaintiff's counsel that he had missed the disclosure deadline and that repercussions were likely. *See* Feb. 16, 2022 Text-Only Order, dkt. 25.

      Barber has not shown that his violation of Rule 26(a)(3) was justified; at the hearing, his counsel blamed the missed deadline on a calendaring error. *See David v. Caterpillar Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (quoting *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998)) (Rule 37(c)'s "sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless").

      Although some of the witnesses and exhibits identified by Barber in his recent disclosures were known to defendants, some were not. In his April 1, 2021 initial disclosures, Barber stated that "representatives" of various medical clinics would "testify to plaintiff's injuries," but he failed to

identify the name of any physician other than Dr. Gerard Murtagh, who performed a knee replacement that I recently struck from Barber's damages claim.[1]  Later, in his April 28, 2021 response to defendants' discovery requests, Barber identified only one additional physician (Dr. Quynh Mai) and stated that his injuries were limited to "knee pain, left; range of motion deficit; weakness of lower left extremities; and gait abnormality" and a "permanent knee injury." Dkt. 32-2 at pp. 3-5, 8.  Barber never supplemented his disclosures or responses to defendants' discovery requests.

Now, after all deadlines have passed and discovery has closed, Barber has announced that he intends to call as witnesses at trial Meka Robinzine Kennedy (a chiropractor) and Dr. Julio Petilon (an orthopedic physician) who allegedly treated him for a lumbar condition that has never been identified by Barber as a compensable injury related to his claim.

These untimely and unilluminating disclosures violate Barber's obligations under Rules 26(a)(1), (2) and (3).  Barber failed to disclose his lumbar condition as a compensable injury.  Barber failed to disclose Kennedy and Petilon either as individuals with discoverable information or as expert witnesses.  Barber failed to provide expert reports for either proposed witness. Barber failed to supplement his initial disclosures or discovery responses as required by Rule 26(e), and the information that Barber eventually provided with respect to this evidence was untimely.

Barber's failures were neither substantially justified nor harmless to defendants.  Barber first disclosed these witnesses 12 days after discovery closed, so that defendants have had no opportunity to learn what they intend to say or to prepare to defend against their opinions and testimony. Whether Barber's failures to comply with his clear, mandatory discovery obligations were intentional or just reckless, his late, vague disclosures of highly material witnesses and evidence constitute unmitigated and inexplicable sandbagging.

---

[1] On March 1, 2022 the granted defendants' motion to strike Barber's damages claims for medical expenses and pain and suffering related to his left knee replacement.  Dkt. 33.

Therefore, pursuant to Rule 37(c)(1), the appropriate remedy is to preclude Barber from presenting at trial testimony from Kennedy and Petilon or evidence about his lumbar condition. Given this ruling and my previous ruling regarding Barber's knee replacement, Barber's motions to allow the video testimony of Dr. Murtagh, Kennedy, and Dr. Petilon will be denied as unnecessary.

The court is not privy to the discovery that was timely and properly exchanged between the parties, but at this juncture, it appears that Barber's damages evidence consists of any post-collision pain to his already-compromised knee that he can show exceeds the pain that he already had been suffering pre-collision. We will discuss this further at the March 9, 2022 telephonic final pretrial conference.

**ORDER**

IT IS ORDERED that:

(1) The request for sanctions filed by defendants Raymond Steele and Blackhawk Transportation, Inc. (dkt. 31) is GRANTED IN PART and DENIED IN PART as provided above. Plaintiff Michael Barber may not introduce at trial the testimony of Meka Robinzine Kennedy or Dr. Julio Petilon, or any other reference to or evidence of his lumbar condition or alleged treatment for it.

(2) Plaintiff's motions to allow Dr. Meka Robinzine Kennedy, Dr. Julio Petilon, and Dr. Gerard Murtagh to testify at trial by video (dkts. 24, 28 and 29) are DENIED as unnecessary.

Entered this 2nd day of March, 2022.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge